Chief Justice Hernández and Justices Wolf, del Toro, and Aldrey concurred.

———

## HERNÁNDEZ v. FERNÁNDEZ.

### APPEAL from the District Court of Mayagüez.

No. 565.—Decided February 2, 1911.

CONTRACT—EXISTENCE OF CONSIDERATION—DENIAL BY PARTY FORMERLY ADMITTING EXISTENCE THEREOF.—Although the consideration of a contract stated in a public instrument may appear from its contents, the existence thereof cannot be considered conclusive, and if denied by the same party who formerly admitted it, and it be shown that it was not true, the contract is void and the court should so adjudge.

ID.—EVIDENCE—PUBLIC INSTRUMENTS.—Although public instruments may serve as evidence against the contracting parties and their successors in interest with reference to the statements made therein by the former, nevertheless such evidence is not conclusive and may be destroyed by other evidence as strong and clear, permitting the judge to decide the conflict without any vacillation whatsoever, for in cases of doubt the statements contained in the public instrument should always prevail.

ID.—CONTRADICTORY EVIDENCE—APPEAL.—The findings of the trial court, in cases of contradictory evidence, must be considered as just and proper, unless it be shown that in so finding it has been influenced by passion, prejudice, or partiality, or that it has committed manifest error.

The facts are stated in the opinion.

*Messrs. Benjamin J. Horton* and *Leopoldo Feliú* for appellant.

*Mr. José Ramón Freyre* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Agustín Hernández Mena brought a suit in the Municipal Court of Mayagüez against José A. Fernández Pérez to recover $454 and interest thereon and the costs of the proceedings, alleging substantially as his cause of action that, by instrument executed before Notary Fernando Vázquez on December 26, 1905, Fernández sold to Hernández Mena, for

300 *pesos* paid over prior to the execution of the instrument, two instalments on a mortgage credit belonging to Fernández, one for 186 and the other for 168 *pesos;* that Fernández having failed to communicate the transfer to the debtor the plaintiff was unable to receive the above-mentioned amounts, for the reason that the debtor had paid the money over to other persons.

Some of the facts set forth in the complaint were admitted while others were denied by defendant, who, in substance, alleged that while it was true that the deed was executed on December 26, 1905, no stipulation was made as to the price, and that he caused the deed to be drawn in favor of plaintiff, at the latter's instance, because at that time the plaintiff was his attorney in fact and fully deserved his confidence.

The municipal court found against the plaintiff. The latter appealed to the district court, which, after trying the case, also found against the plaintiff, who thereupon appealed to this Supreme Court.

The principal question herein for this court to examine and decide is whether or not, having stated in a public instrument that he had already received the purchase price mentioned in the deed, Fernández can afterwards repudiate such statement.

Section 1186 of the Revised Civil Code reads as follows:

"Public instruments are evidence, even against a third person, of the fact which gave rise to their execution and of the date of the latter.

"They shall also be evidence against the contracting parties and their legal representatives with regard to the declarations the former may have made therein."

Commenting upon section 1218 of the Spanish Civil Code, which is the same as section 1186 of our Revised Civil Code, Manresa says:

"According to this code public instruments are also evidence against the parties concerned with respect to the declarations made therein. But the law does not say that such evidence is complete, as

is the case both for them and for everybody else, as to the fact of the execution and the date thereof; while the word *also* preceding *evidence* does not give such force to the latter as to render its meaning the same as that of the first paragraph.'' (8 Manresa, 439.)

And Scaevola, in treating of the intrinsic value of public instruments, expresses himself as follows:

"With reference thereto section 1218 provides that they may be admitted as evidence against a third party as to the fact which gave rise to their execution and to the date thereof, and that they shall also be evidence against the contracting parties and their successors in interest with respect to the declarations the former may have made therein. It was customary at one time to say 'full credence,' 'full proof,' 'complete evidence,' but at the present time we simply say 'evidence.' The Romans called all documents *probatio probata,* and alluding to public instruments, Riminaldo says that they are full, proving, conclusive, manifest, most evident, true, unquestionable, and notorious evidence, admitting of no discussion and with the force of a judicial decision. Covarrubias condenses all these adjectives into two—evident and full—though using them in the superlative degree. *Las Partidas,* more modestly, while informing us that instruments drawn by notaries public may be used as evidence to prove what is written therein, contain no provision assigning to public instruments so great a value as that ascribed to them by the old writers. Finally, as already set forth, the code simply states that public instruments *constitute evidence,* without adding any adjective thereto." (20 Scaevola, 244.)

The Supreme Court of Spain, in its judgment of June 6, 1899 (8 V. A. M., Civil Jurisprudence, 292), in an action for the nullity of a contract wherein the very same allegation is made that the provisions of paragraph 2 of section 1218 of the Civil Code were violated, "because the trial court not only has failed to consider the statement made by the plaintiff, Carmen Carreras, in the instrument executed on January 8, 1895, that she was the owner of the property she was then selling to her father, but also ignores her admission that she had received the purchase price prior to the execution of the instrument," decided that no such violation of the law had been committed, giving for its reasons among others that

after carefully weighing the whole evidence introduced the court not only found that Francisco Carreras had not paid to his daughter, Carmen, the purchase price which appeared from the deed to have been paid prior to the time of its execution, but that from both the spirit and grounds of the judgment it was to be conclusively inferred that said public instrument had been executed upon the initiative of appellant and constituted a simulated contract to which the supposed vendor, either by error or ignorance, had assented; that the external formalities of an instrument are not sufficient to prevent a trial court from concluding that a contract is simulated after it shall have given due consideration to the evidence introduced.

This Supreme Court, in *Horton* v. *Roberts,* 3 Castro, 410, established the following doctrine: "Although the object of a contract may be inferred from its contents, the truthfulness of the recitals therein made cannot be presumed to be conclusive, and it is always pertinent for the courts to investigate and endeavor to ascertain the real object, and both to admit and take such testimony as would lead to proof thereof."

And section 101, subdivision 2, of our statute regulating the introduction of evidence in civil actions, says: "The following presumptions and no others are deemed conclusive: 1. \* \* \*. 2. The truth of the facts recited from the recital in a written instrument between the parties thereto or their successors in interest, by a subsequent title; but this rule does not apply to the recital of a consideration."

In the case at bar defendant introduced evidence to show that in the contract on which plaintiff based his claim there is no stipulation made as to price, and that therefore the declaration therein made by defendant, that prior to the execution of the deed he had received the sum of 300 *pesos,* is not true.

No objection was raised by the plaintiff to the introduction of this evidence, and, as appears from the judgment, the

district court considered it as proving that the contract was in fact simulated.

*Falsa simulata non veritatem minuit* (Code, Book VII, Title XVI, law 15). The truth is not impaired by any false or simulated statement. *Quod simulatur, fingitur non esse.* A fact simulated is deemed not to exist. *His quae simulate gerentur pro infectis habitis.* (Code, Book II, Title IV, law 21.) Anything done in simulation is void. (Scaevola, General Principles of Civil Law, 232.)

This being so, and as there is nothing to show that in deciding in favor of the defendant the conflict resulting from the contradictory evidence introduced by the parties the court was influenced by passion, prejudice, or partiality, or that it committed any manifest error, we must accept its findings as just and proper, particularly since after an examination into the evidence we arrive at the same conclusions.

In cases of this nature the evidence introduced in rebuttal must be perfectly clear. The statutes themselves provide that public instruments are evidence against the contracting parties and their sucessors in interest as regards the declarations made therein by the former, and such evidence can be destroyed only by other evidence of sufficient strength to allow the trial judge to decide the conflict without hesitation. In case of doubt, the declarations made in the instrument must prevail.

For the foregoing reasons, this appeal should be dismissed and the judgment appealed from, affirmed.

*Affirmed.*

Justices Wolf and MacLeary concurred.

Chief Justice Hernández and Justice Aldrey did not take part in the decision of this case.